GUSTAVE ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36224. Promulgated October 18, 1932.

*Marvin Farrington, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

#### OPINION.

GOODRICH: In this proceeding petitioner assails respondent's determination of a deficiency of $205.53 in income tax for the year 1924. The sole question at issue is whether the Commissioner erred in determining the basis he used in computing the gain realized by petitioner upon the maturity of a life insurance contract entered into prior to and maturing subsequent to March 1, 1913.

Petitioner is an individual, residing at 2309 Clermont Street, Denver, Colorado.

On May 24, 1904, the petitioner, who was then 32 years of age, took out a life insurance policy, which is in evidence and incorporated herein by reference. Under the terms of this policy the petitioner agreed to pay an annual premium of $206.88 for 20 years, and the company agreed to pay to his estate or beneficiary the sum of $4,000 if he died during that period and the policy was still in force, or to pay to him, if living, at the end of the 20-year period, the sum of $4,000. The policy also provided that if the petitioner was living, and the policy still in force on May 18, 1924, when it matured the company would pay to the petitioner a cash dividend, consisting of the policy's full share of surplus profits, and that " until said date no dividend shall be apportioned to this policy."

On this policy the petitioner paid 20 annual premiums of $206.88, or a total of $4,137.60. The premiums paid to March 1, 1913, amounted to $1,861.92, and the premiums paid from March 1, 1913, to the maturity of the policy amounted to $2,275.68.

The reserve value of the policy during the policy year which included March 1, 1913, was $1,439. The cash surrender value of the policy as of March 1, 1913, was $1,139.68.

At maturity of the policy petitioner was living, and received from the company $5,369, or $1,231.40 in excess of the total premiums paid. In his income-tax return for the year 1924 the petitioner included this amount as a dividend subject only to surtax.

Respondent determined that the value of the policy as at March 1, 1913, was $1,152; that the cost of insurance protection, subsequent to March 1, 1913, was $1,142.68; and that there was a total gain to the petitioner on maturity of $3,084, of which $1,369 was subject to surtax only, and of which $1,715 was subject to both normal tax and surtax. From this determination arises the deficiency herein.

Respondent, in making his computation, has followed the method of determining the capital value of this policy as of March 1, 1913, as outlined in *E. A. Armstrong*, 1 B. T. A. 296. We there held that the capital value of a policy at March 1, 1913, was its realizable value at that time; that is, its then cash surrender value plus any accumulated dividends or excess premiums which had been credited to the insured in such a way that he could have realized them had he then disposed of the policy. However, the Supreme Court in *Lucas* v. *Alexander*, 279 U. S. 573, held that the fair value of a policy on the basic date is not necessarily what might then have been realized upon it by a forced liquidation, but that the amount of the reserve set aside by the insurance company to meet its liability during the policy year which included March 1, 1913, plus dividend accumulations provisionally apportioned to the policy as of that date, constitutes the capital value of the policy to the insured at that time where, as in the instant case, it exceeds the realizable value. The rule of the *Armstrong* case, therefore, must be modified to conform to the decision of the Supreme Court.

Based upon the American Experience Tables, which the parties agreed might be considered as evidence herein, we determine that the company's reserve in the policy year including March 1, 1913, for the policy here involved was $1,439, which is more than its cash surrender value on that date. That amount should be used in the computation rather than $1,152, as determined by respondent. Under the rule of *Lucas* v. *Alexander*, *supra*, to that amount might be added the dividends, if any, accumulated to March 1, 1913, and provisionally apportioned to the policy. While respondent has not included in his determination of capital value any amount for dividends, petitioner has furnished no proof that there were such dividend accumulations to be apportioned under this policy, or, if there were, the amount thereof. Nor has petitioner proved to be erroneous respondent's determination of the cost of insurance protection and of the amount of petitioner's gain on the policy subject to surtax only. Perforce we must adopt respondent's determinations

except as to the March 1, 1913, value of the policy, which we change by substituting the amount of the company's reserve for the policy at that time, in accordance with *Lucas* v. *Alexander, supra.* Cf. *Keystone Consolidated Publishing Co.,* 26 B. T. A. 1210.

*Judgment will be entered under Rule 50.*